IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LISA LEWIS,                                    3:15-CV-02307-BR

            Plaintiff,                         OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,

            Defendant.


NANCY J. MERSEROW
7540 S.W. 51st Avenue
Portland, OR 97219
(503) 560-6788

            Attorney for Plaintiff

BILLY J. WILLIAMS
United States Attorney
JANICE E. HEBERT
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

DAVID MORADO
Regional Chief Counsel
GERALD J. HILL
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2139

            Attorneys for Defendant


1 - OPINION AND ORDER

**BROWN, Judge.**

Plaintiff Lisa Lewis seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter.

## ADMINISTRATIVE HISTORY

Plaintiff protectively filed her application for DIB and application for SSI on November 23, 2011.  Tr. 21.[1]  Plaintiff alleged a disability onset date of February 7, 2010.  Tr. 21. Plaintiff's applications were denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on April 2, 2014.  Tr. 46-92.  Plaintiff; James Gentile, a third-party witness; and a vocational expert (VE) testified. Plaintiff was represented by an attorney at the hearing.

---

[1] Citations to the official transcript of record filed by the Commissioner on January 20, 2016, are referred to as "Tr."

On May 16, 2014, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 21-37.  On July 7, 2014, Plaintiff requested review by the Appeals Council and submitted new evidence to the Appeals Council, including medical records from March 31, 2014, through August 5, 2014.  Tr. 312-15, 744-71.  On November 18, 2015, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner.  Tr. 1-6.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On December 10, 2015, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.


## BACKGROUND

Plaintiff was born on August 18, 1962.  Tr. 51.  Plaintiff was 52 years old at the time of the hearing.  Plaintiff has a two-year degree in early-childhood education and a bachelor's degree in human development.  Tr. 28.  The ALJ found Plaintiff has past relevant work experience as "a child welfare/family case worker, social services worker, interviewer/eligibility worker, and community college teacher/parent trainer/teacher for home therapy."  Tr. 35.

Plaintiff alleges disability due to fibromyalgia, migraine headaches, aneurysm, general anxiety disorder, and personality

3 - OPINION AND ORDER

disorder with borderline and histrionic traits.  Tr. 23, 98.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 23-26.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is

"relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

I.  **The Regulatory Sequential Evaluation**

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial

gainful activity (SGA).  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations.  20 C.F.R. §§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p,

at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in

substantial gainful activity since her February 7, 2010, alleged onset date.  Tr. 23.

At Step Two the ALJ found Plaintiff has the severe impairments of fibromyalgia, migraine headaches, aneurysm, general anxiety disorder, and personality disorder with borderline and histrionic traits.  Tr. 23.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 26.  The ALJ found Plaintiff has the RFC to perform light work; cannot climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs; can occasionally balance, stoop, kneel, crouch, or crawl; must avoid concentrated exposures to hazards; is limited to the performance of simple, routine, repetitive tasks consistent with unskilled work; cannot have contact with the public; can have superficial contact with coworkers; is limited to low-stress work, which is defined as requiring few decisions and few changes; and can work at a standard or ordinary pace but cannot work at a strict "production-rate" pace.  Tr. 28.

At Step Four the ALJ concluded Plaintiff is incapable of performing her past relevant work.  Tr. 35.

At Step Five the ALJ found Plaintiff could perform other jobs that exist in the national economy.  Tr. 35-36.

Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends (1) the ALJ erred when he improperly rejected the opinions of examining and treating physicians, (2) the ALJ erred when he failed to properly evaluate Plaintiff's fibromyalgia, (3) the Appeals Council erred when it failed to remand this matter for the ALJ's consideration of new evidence, (4) the ALJ failed to evaluate properly Plaintiff's RFC at Step Three, (5) the ALJ improperly rejected Plaintiff's subjective symptom testimony, and (6) the ALJ improperly relied on the VE's testimony.

**I.   The ALJ erred in part in his evaluation of the medical opinion evidence.**

Plaintiff contends the ALJ erred when he failed to properly evaluate the opinions of Jane Starbird, Ph.D.; Neal Musselman, D.O.; and Suzanne Castro, Psy.D., and "*de facto*" rejected their opinions without providing legally sufficient reasons supported by substantial evidence in the record for doing so.

**A.   Standards.**

The opinion of a treating physician is generally accorded greater weight than the opinion of an examining physician, and the opinion of an examining physician is accorded greater weight than the opinion of a reviewing physician.  *Ghanim*

9 - OPINION AND ORDER

*v. Colvin*, 763  F.3d 1154, 1160 (9th Cir. 2014).  To reject an uncontradicted opinion of a treating physician, the ALJ must provide "clear and convincing reasons that are supported by substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  Sufficient reasons for rejecting an examining physician's opinion may include the physician's reliance on a claimant's discredited subjective complaints, inconsistency with the medical records, inconsistency with a claimant's testimony, and inconsistency with a claimant's daily activities.  *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008).

Medical sources are divided into two categories: "acceptable" and "not acceptable."  20 C.F.R. § 416.902. Acceptable medical sources include licensed physicians and psychologists.  20 C.F.R. § 416.902.  Medical sources classified as "not acceptable" include, but are not limited to, nurse practitioners, therapists, licensed clinical social workers, and chiropractors.  SSR 06-03p, at *2.  Factors the ALJ should consider when determining the weight to give an opinion from those "important" sources include the length of time the source has known the claimant and the number of times and frequency that the source has seen the claimant, the consistency of the source's opinion with other evidence in the record, the relevance of the source's opinion, the quality of the source's explanation of his opinion, and the source's training and expertise.  SSR 06-03p, at

*4.  On the basis of the particular facts and the above factors, the ALJ may assign a "not acceptable" medical source opinion either greater or lesser weight than that of an acceptable medical source.  SSR 06-03p, at *5-6.  The ALJ, however, must explain the weight assigned to such sources to allow the claimant or subsequent reviewer to follow the ALJ's reasoning.  SSR 06-03p, at *6.

### B.    Dr. Starbird.

Plaintiff contends the ALJ failed to give clear and convincing reasons supported by substantial medical evidence in the record for "*de facto*" rejecting the opinion of Dr. Starbird, an examining psychologist, that Plaintiff is moderately limited in her ability to interact with supervisors.

On December 23, 2013, Dr. Starbird examined Plaintiff at the request of the Commissioner.  Tr. 590-98.  On January 6, 2014, Dr. Starbird completed a Medical Source Statement of Ability to do Work-Related Activities (Mental) on which she checked the box that indicated Plaintiff was "moderately" limited in her ability to work with co-workers and supervisors.  Tr. 596-98.  Dr. Starbird stated:  "[Plaintiff] has poor tolerance to confusion or stress.  Her intellectual function is normal but her tolerance for interactions with other people is limited.  This is based on characterological features."  Tr. 597.

The ALJ gave "significant weight" to Dr. Starbird's

opinions "because they are consistent with the objective medical evidence." Tr. 31. The ALJ subsequently determined Plaintiff had the RFC to perform light work subject to the limitation that she have "superficial contact with co-workers." Tr. 28. The ALJ specifically noted Dr. Starbird's Medical Source Statement "is consistent with moderate limitations in social functioning." Tr. 27.

In *Rounds v. Commissioner of Social Security Administration* the court found the ALJ did not reject a physician's opinion that the plaintiff had moderate limitations in her ability to accept instructions and to respond appropriately to criticism when the physician's opinion was part of a checkbox form in the physician's summary report and the ALJ specifically referred to it in evaluating the plaintiff's RFC. 807 F.3d 996, 1005 (9th Cir. 2015). *See also Smith v. Colvin*, No. 3:15-cv-00267-MC, 2016 WL 1065816, at *3 (D. Or. March 15, 2016)("Moreover, an ALJ's RFC findings are not required to address a physician's checked-box opinion regarding a moderate limitation, where the ALJ notes this opinion and gives it great weight as a whole.")(citing *Rounds*, 807 F.3d at 1005)).

When an ALJ's findings are consistent with but not identical to a physician's assessed limitations of the claimant, those findings do not constitute a rejection of the physician's opinion. *Turner v. Comm'r of Soc. Sec. Admin.,* 613 F.3d 1217,

1222-23 (9th Cir. 2010). *See also Thomas v. Colvin*, No.
3:14-cv-00667-CL, 2015 WL 4603376, at *5 (D. Or. July 29, 2015).
In other words, when the ALJ evaluates a claimant's RFC, his
findings must merely be consistent with the physician's
conclusions rather than a carbon copy of the physician's opinion.
*Smith*, 2016 WL 1065816, at *3. Otherwise the ALJ is required to
provide legally sufficient reasons for rejecting part of the
physician's opinion.

   Here, as noted, the ALJ did not reject Dr. Starbird's
opinion. In fact, the ALJ generally agreed with Dr. Starbird
regarding Plaintiff's inability to interact in the workplace with
co-workers and supervisors. Tr. 27. Although the ALJ did not
expressly incorporate a supervisory limitation in his evaluation
of Plaintiff's RFC, the ALJ's opinion, nonetheless, is consistent
with Dr. Starbird's opinion that Plaintiff is still able to
"function satisfactorily" in the workplace with limited
interaction with other employees, including supervisors.
Tr. 596.

   On this record the Court concludes the ALJ did not
reject Dr. Starbird's opinion because the limitations included
in the ALJ's evaluation of Plaintiff's RFC were consistent with
Dr. Starbird's opinion.

   **C.  Dr. Musselman.**

   Plaintiff next contends the ALJ erred when he failed to

address the opinion of Neal Musselman, D.O., Plaintiff's treating psychiatrist, that Plaintiff is disabled as a result of her combined anxiety disorders.

On January 9, 2012, Dr. Musselman submitted a form to the New Mexico Department of Human Services indicating Plaintiff had been unable to work for the previous six months due to post-traumatic stress (PTSD) and chronic anxiety symptoms. Dr. Musselman stated the duration of Plaintiff's inability to work was "not known" at that time.  Tr. 227.

Plaintiff contends Dr. Musselman's report was consistent with the June 9, 2010, report of David Durham, M.D., an examining physician, in which Dr. Durham noted "evidence to indicate a chronic psychiatric illness that may be rendering [Plaintiff] disabled."  Tr. 348.

Although the Commissioner concedes the ALJ did not specifically address Dr. Musselman's report, the Commissioner contends the ALJ did not err because Dr. Musselman's opinion does not satisfy the 12-month duration requirement to establish a disability, the ALJ credited more reliable medical evidence that covered the entire period of Plaintiff's alleged disability beginning in February 2010, and Plaintiff has not been prejudiced by the ALJ's failure to consider specifically Dr. Musselman's opinion.

    1.   <u>Standards</u>

For a claimant to be "disabled" for purposes of receiving benefits, the claimant's inability to engage in substantial gainful employment must last or be expected to last at least 12 months. *Barnhart v. Wilson*, 535 U.S. 212 (2012).

The ultimate determination of "disability" is reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(1), (3). A physician may render opinions limited to the issue of the claimant's ability to perform work. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2012). Although "[t]he administrative law judge is not bound by the uncontroverted opinions of the claimant's physicians on the ultimate issue of disability . . ., he cannot reject [those opinions] without presenting clear and convincing reasons for doing so." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).

2. Dr. Musselman's opinion.

Dr. Musselman, Plaintiff's treating physician, concluded Plaintiff was temporarily unable to work. Dr. Musselman opined as of February 2012 Plaintiff suffered from PTSD and other chronic anxiety symptoms that prevented her from working for the previous six months, and she was "not able to pursue competent employment" for an unknown duration. Tr. 227. The ALJ failed to address Dr. Musselman's opinion.

As noted, if the ALJ disregards a treating physician's medical opinion, the ALJ must set forth specific and legitimate

15 – OPINION AND ORDER

reasons that are supported by substantial evidence in the record for doing so even if that opinion is controverted. *Garrison*, 759 F.3d at 1012.  Although the ALJ failed to address Dr. Musselman's report, the Commissioner, nevertheless, maintains the ALJ's failure is harmless error on the grounds that Plaintiff has not shown any prejudice and that Dr. Musselman's report is not entitled to any special significance.

In *Hill v. Astrue* the Commissioner, as in this case, conceded the ALJ did not address the treating physician's opinion.  The *Hill* court noted the conclusion of the plaintiff's treating physician that the plaintiff's "combination of mental and medical problems makes the likelihood of sustained full time competitive employment unlikely."  698 F.3d 1153, 1160 (9th Cir. 2102).  The Commissioner asserted such a disability opinion was an issue reserved to the Commissioner and, therefore, not binding.  *See* 20 C.F.R. § 404.1527(d)(1).  The court stated the treating physician's statement that the plaintiff would be "unlikely" to work full-time was not a conclusory statement that the plaintiff was disabled as described in the regulation, but instead was an assessment based on objective medical evidence of the plaintiff's likelihood of being able to sustain full-time employment.  Thus, the court concluded the ALJ's disregard for the treating physician's medical opinion was not harmless error. *Id.* at 1160.

Here the ALJ relied on and gave greater weight to the opinions of Drs. Starbird, Castro, and Anderson, who were all examining psychiatrists or psychologists.  Thus, the ALJ was required to provide specific and legitimate reasons for disregarding the opinion of Dr. Musselman, Plaintiff's treating physician, and for giving greater weight to the opinions of the examining psychiatrists and psychologists.  As noted, however, the ALJ failed to even address Dr. Musselman's opinion. Following the reasoning of the *Hill* court, this Court concludes the ALJ's disregard for Dr. Musselman's opinion is not harmless error.

Accordingly, on this record the Court concludes the ALJ erred when he did not address Dr. Musselman's opinion and did not provide specific legitimate reasons supported by substantial evidence in the record for his "*de facto*" rejection of Dr. Musselman's opinion.

**D.    Dr. Castro.**

Plaintiff contends the ALJ erred when he "*de facto*" rejected the opinion of Dr. Castro that Plaintiff was limited to employment that did not require more than "intermittent interaction with others."

On March 20, 2012, Dr. Castro, an examining psychologist, completed a Mental Residual Functional Capacity Assessment in which she indicated "[Plaintiff] is capable of

17 - OPINION AND ORDER

understanding, remembering, and following simple, routine tasks
in a setting where interaction with others is superficial and
intermittent." Tr. 421. Although the ALJ included in his
evaluation of Plaintiff's RFC the limitation that Plaintiff "have
superficial contact with coworkers," Tr. 28, Plaintiff contends
the ALJ's failure to include the requirement that Plaintiff's
interaction with others also must be "intermittent" as well as
superficial constitutes a "*de facto*" rejection of Dr. Castro's
opinion. In addition, Plaintiff asserts the ALJ's error resulted
in the ALJ posing an inadequate hypothetical to the VE at Step
Five.

As noted, the ALJ's assessment of Plaintiff's RFC must
merely be consistent with the medical evidence rather than a
carbon copy. *See Smith*, 2016 WL 1065816, at *3. *See also
Turner*, 613 F.3d at 1222-23. Here Dr. Castro included the term
"intermittent" in her narrative description of Plaintiff's
limitations. In the "social interaction" portion of her report,
however, she indicated Plaintiff's ability to "interact with the
general public" was "moderately limited" and her ability to "get
along with coworkers or peers without distracting them or
exhibiting behavioral extremes" was "not significantly limited."
Tr. 420. In his assessment of Plaintiff's RFC the ALJ included a
"no contact" limitation with the public and "superficial" contact
with coworkers. Tr. 28. Thus, the ALJ's assessment of

18 - OPINION AND ORDER

Plaintiff's RFC adequately reflected the limitations stated in Dr. Castro's report.

On this record the Court concludes the ALJ did not err in his consideration of Dr. Castro's opinion when he evaluated Plaintiff's RFC nor did the ALJ omit from his hypothetical posed to the VE the conclusions of Dr. Castro as to Plaintiff's limitations.

**II.  The ALJ did not fail to consider Plaintiff's fibromyalgia.**

Plaintiff contends the ALJ erred when he failed to account for the repeated manifestations of Plaintiff's fibromyalgia when evaluating Plaintiff's RFC.

The Commissioner, in turn, asserts the ALJ noted Plaintiff had fibromyalgia and, accordingly, included in his assessment of Plaintiff's RFC a limitation to light-exertion work in consideration of Plaintiff's condition.

On December 6, 2012, Sharon B. Eder, M.D., a state agency consultant, reviewed Plaintiff's records and assessed Plaintiff with "light exertional limitations" based on Plaintiff's fibromyalgia.  Tr. 31, 575.  The ALJ gave "great weight" to Dr. Eder's assessment and found it to be consistent with the medical records.

On December 23, 2012, Kim Webster, M.D., an examining physician, found "no objective evidence" that Plaintiff had any work-related limitations.  Tr. 31, 577-83.  Nevertheless, the ALJ

gave "little weight" to Dr. Webster's opinion because "some limits are necessary to prevent exacerbation of the [Plaintiff's] headaches and in recognition of her diffuse fibromyalgia." Tr. 31.

The ALJ concluded Plaintiff's fibromyalgia is a "severe" impairment diagnosed by "an "acceptable medical source, . . . lasted for a continuous period of 12 months, and . . . caused more than a minimal effect" on Plaintiff's ability to perform work-related activities.  Tr. 23-24.  When evaluating Plaintiff's RFC, the ALJ noted:  "Treatment records indicate [Plaintiff] has diffuse pain and a fibromyalgia diagnosis, but this appears to be less limiting than her headaches and anxiety."  Tr. 29.

The ALJ concluded Plaintiff's allegations that "she suffers from dizziness, buzzing in her ears, fatigue, and heart palpitations," Tr. 25, did not meet the definitional requirements of 20 C.F.R. § 416.905 to qualify as disabilities.  Nevertheless, Plaintiff contends these conditions constitute "somatic symptoms" of fibromyalgia that should have been considered by the ALJ.

Although the ALJ concluded there was not any "evidence from an acceptable medical source to establish the existence of a medically determinable impairment" as to these specific symptoms, the ALJ, nonetheless, found Plaintiff has the severe impairment of fibromyalgia and included limitations in his assessment of Plaintiff's RFC "in recognition of [Plaintiff's] diffuse

20 - OPINION AND ORDER

fibromylagia pain."  Tr. 31, 32.

On this record the Court concludes the ALJ properly assessed Plaintiff's fibromyalgia and included the appropriate limitations in his evaluation of Plaintiff's RFC.

**III. Appeals Council**.

Plaintiff contends the Appeals Council erred when it failed to remand this case to the ALJ for consideration of the new evidence submitted by Plaintiff to the Appeals Council after the ALJ's decision.

Plaintiff timely provided the Appeals Council with additional evidence that included a questionnaire completed[2] on August 2, 2014, by Leslie Gellert, a licensed clinical social worker (LCSW), who was Plaintiff's mental-health provider since November 2013.  Tr. 763-769.  The Appeals Council reviewed LCSW Gellert's opinion but declined to review the ALJ's decision on the ground that the additional evidence "does not provide a basis for changing the Administrative Law Judge's decision." Tr. 2.

Plaintiff argues the new evidence demonstrates Plaintiff is markedly limited in her ability to accept instructions and to

---

[2] The questionnaire was sent by Plaintiff's counsel to LCSW Gellert on February 18, 2014, and Plaintiff requested completion of the form prior to the scheduled hearing in April 2014.  Gellert went into labor in March 2014 and, therefore, was unable to complete the questionnaire until August 2, 2014, when she returned from maternity leave.  Tr. 770-71.

respond appropriately to criticism from supervisors, and, therefore, she is more restricted than the ALJ's finding of "moderate" social function limitations that did not limit Plaintiff's interactions with supervisors.

The Commissioner contends the opinions in the record by Drs. Starbird, Castro, and Anderson, examining psychiatrists or psychologists, constitute substantial medical evidence sufficient to support the RFC determined by the ALJ.

When a claimant "submits evidence for the first time to the Appeals Council and the Appeals Council considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r. of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012).  New evidence is material if it bears "directly and substantially on the matter in dispute." *Luna v. Astrue*, 623 F.3d 1378, 1380 (9th Cir. 2010).  Remand is necessary when the material evidence gives rise to a "reasonable possibility" that the new evidence might change the outcome of the administrative hearing." *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380-81 (9th Cir. 1984). *See also Borrelli v. Comm'r. of Soc. Security*, 570 F. App'x 651, 652 (9th Cir. 2014).  The Court, therefore, considers LCSW Gellert's opinion. *See Brewes*, 682 F.3d at 1159-60, 1162-

63.

The ALJ concluded Plaintiff had "moderate" difficulties with regard to concentration, persistence, or pace.  Tr. 27.  The ALJ's determination was based on Dr. Starbird's opinion that Plaintiff could not carry out complex instructions and lacked an ability to make judgments on complex work-related decisions and that Plaintiff's concentration would be impaired under stress. Tr. 27, 596-98.

LCSW Gellert reported Plaintiff has "marked" limitation as to concentration, persistence, or pace because "physical and mental health symptoms significantly impact her pace and completion of tasks due to trouble concentrating."  Tr. 764. Thus, LCSW Gellert's opinion is consistent with Dr. Starbird's assessment of Plaintiff.

Accordingly, the Court concludes the Appeals Council properly declined to remand this matter to the ALJ on the basis of LCSW Gellert's report submitted after the ALJ's decision.

**IV.  The ALJ did not err when he found Plaintiff's testimony was not fully credible.**

Plaintiff alleges the ALJ erred when he found Plaintiff's testimony was not entirely credible.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment and must show the impairment or combination of

23 - OPINION AND ORDER

impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986). The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's testimony only if he provides clear and convincing reasons for doing so. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). General assertions that the claimant's testimony is not credible are insufficient. *Id.* The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester*, 81 F.3d at 834).

The ALJ concluded "[a]lthough some limitations are to be expected, the record contradicts [Plaintiff's] testimony with regard to their nature and extent." Tr. 32. The ALJ, however, did "not reject[] [Plaintiff's] statements about the intensity and persistence of symptoms solely because the available objective medical evidence does not substantiate the statements." Tr. 32. Instead the ALJ considered "any medically determinable impairment resulting in symptom-related functional limitations . . . which [could] reasonably be accepted as consistent with the objective medical evidence and other evidence." Tr. 32. The ALJ cited Plaintiff's medical records when he determined the evidence

did not support Plaintiff's allegations.  Tr. 33-34.  For example, although Plaintiff reported limitations in her daily activities, she told Dr. Starbird in December 2013 that she did laundry, washed dishes, vacuumed, read, and watched movies. Tr. 592.  Plaintiff also participated in activities at her synagogue and joined the choir for a brief time.  Tr. 687. Plaintiff noted her anxiety began as a child, and she experienced symptoms, including headaches, "off and on."  Tr. 702.  Her mental status in 2012 was "relative[ly] stable" with counseling treatment.  Tr. 533-37.

On this record the Court finds the ALJ did not err when he found Plaintiff was not fully credible because the ALJ provided clear and convincing reasons supported by substantial evidence in the record for doing so.


## REMAND

The Court must determine whether to remand this matter for further proceedings or to remand for the calculation of benefits.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings.  *Id*. at 1179.  The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose."  *Smolen*, 80 F.3d at 1292.

25 - OPINION AND ORDER

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The court should grant an immediate award of benefits when

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

Here the ALJ specifically stated in his findings that "[t]he record does not contain any opinion from a treating or examining physician indicating that [Plaintiff] is disabled." Tr. 32. The ALJ, however, did not address the opinion of Dr. Musselman, Plaintiff's treating psychiatrist, that Plaintiff was not able to pursue employment, and the ALJ failed to provide specific and legitimate reasons for disregarding Dr. Musselman's opinion in favor of the opinions of examining psychiatrists and psychologists.

The Court concludes on this record that a remand for further proceedings consistent with this Opinion and Order is required to permit the ALJ to consider and to address Dr. Musselman's opinion

26 - OPINION AND ORDER

and, in light of Dr. Musselman's opinion, to reassess Plaintiff's RFC and the hypothetical posed to the VE if necessary.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 19th day of January, 2017.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

27 - OPINION AND ORDER