IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


LISA LEWIS,                                    3:15-CV-02307-BR

          Plaintiff,                           OPINION AND ORDER

v.

NANCY A. BERRYHILL,[1]
Acting Commissioner, Social
Security Administration,

          Defendant.


**NANCY J. MERSEROW**
7540 S.W. 51st Avenue
Portland, OR 97219
(503) 560-6788

          Attorney for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**JANICE E. HEBERT**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill, who became Acting Commissioner of the Social Security Administration on January 23, 2017, is automatically substituted in place of Carolyn W. Colvin.

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**GERALD J. HILL**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2139

	Attorneys for Defendant

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Motion (#19) for Attorney Fees in addition to $19.00 in costs and expenses.  On January 19, 2017, the Court issued an Opinion and Order (#17) in which it found the Administrative Law Judge (ALJ) erred when he failed to address the opinion of Plaintiff's treating psychologist, Neal Musselman, D.O.  The Court, however, affirmed the ALJ's decision in other respects.  Accordingly, the Court reversed the ALJ's decision and remanded this matter to the Commissioner to address Dr. Musselman's opinion and to reassess Plaintiff's residual functional capacity in light of Dr. Musselman's opinion.  The Court also entered a Judgment (#18) on January 19, 2017.

On February 16, 2017, Plaintiff filed her Motion (#19) for Attorney Fees in which Plaintiff seeks $10,428.24 in attorneys' fees and $19.00 in costs and expenses.  Defendant opposes Plaintiff's Motion on the bases that (1) Defendant's position with respect to Dr. Musselman's opinion was substantially

2 - OPINION AND ORDER

justified and (2) Plaintiff's requested fee award is unreasonable.

I. **Standards**

   A. **Award of Attorneys' Fees Under EAJA**

Under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, the Court may award attorneys' fees and costs to a plaintiff's attorney in an action against the United States or any agency or official of the United States if

> (1) the plaintiff is the prevailing party, (2) the government has not met its burden to show that its positions were substantially justified or that special circumstances make an award unjust, and (3) the requested attorney's fees and costs are reasonable.

28 U.S.C. § 2412(d)(1)(A). *See also Perez-Arellano v. Smith,* 279 F.3d 791, 792 (9th Cir. 2002).

A "prevailing party" is one who has been awarded relief by the court on the merits of at least some of his claims. *Hanrahan v. Hampton,* 446 U.S. 754, 758 (1980). "Enforceable judgments and court-ordered consent decrees create 'the material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.,* 532 U.S. 598, 604 (2001)(internal citation omitted).

A prevailing plaintiff is not entitled to attorneys' fees under EAJA when the Commissioner's positions were substantially justified. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir.

3 - OPINION AND ORDER

2002). The Commissioner's positions are substantially justified if they are reasonably based in both law and fact. *Id.* (citing *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). The Commissioner's failure to prevail on the merits of his positions does not raise a presumption of unreasonableness. *U.S. v. Marolf*, 277 F.3d 1156, 1162 (9th Cir. 2002)(citing *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)).

    B.    **Calculating the Amount of Attorneys' Fees**

Under EAJA the hourly rate for attorneys' fees is capped at $125.00, but the statute allows the Court to make adjustments for cost of living or other appropriate "special factor[s]." 28 U.S.C. § 2412(d)(2)(A). If the government acts in bad faith, however, fees may be awarded at the market rate rather than at the EAJA-mandated rate. 28 U.S.C. §§ 2412(b), (c). *See also Brown v. Sullivan*, 916 F.2d 492, 497 (9th Cir. 1990)("The district court may award attorney fees at market rates for the entire course of litigation . . . if it finds that the fees incurred during the various phases of litigation are in some way traceable to the Secretary's bad faith."). The "bad faith exception is 'a narrow one,' typically invoked in cases of 'vexatious, wanton, or oppressive conduct.'" *Id.* at 495 (quoting *Barry v. Bowen*, 825 F.2d 1324, 1334 (9th Cir. 1987), and citing *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116 (1979)). The bad-faith exception "is punitive, and the

penalty can be imposed 'only in exceptional cases and for dominating reasons of justice.'" *Beaudry Motor Co. v. Abko Prop. Inc.*, 780 F.2d 751, 756 (9th Cir. 1986)(quoting *United States v. Standard Oil Co.*, 603 F.2d 100, 103 (9th Cir. 1979)).

The court may reduce an award of attorneys' fees under EAJA when the plaintiff's requested fees are unreasonable. *Costa v. Comm'r of Soc. Sec. Admin.*, No. 11-35245, 2012 WL 3631255, at *2 (9th Cir. Aug. 24, 2012)(citing 28 U.S.C. §§ 2412(d)(1)(A), 2412(d)(2)(A)). The court applies the "lodestar" method set forth in *Hensley v. Eckerhart* to determine whether a fee award is reasonable. *Id.* (citing 461 U.S. 424, 433 (1983)). *See also Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990)(Under EAJA "the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*.").

To calculate the "lodestar" amount the court multiplies "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Costa*, 2012 WL 3631255, at *2 (quoting *Hensley*, 461 U.S. at 433). To calculate the number of hours reasonably expended the court considers "whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Hensley*, 461 U.S. at 433.

A court may not apply *de facto* caps on the number of hours for which an attorney can be compensated under EAJA. *Costa*, 2012 WL 3631255, at *1. Cases must be considered on an individualized

basis.  *Id.*  In order to reduce the number of hours requested for a particular task, a court must explain why the amount of time requested is too high and provide specific reasons for making significant reductions.  *Id.*, at *4 (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2012)).

II. **Analysis**

As noted, Defendant contends its position with respect to Dr. Musselman's opinion was substantially justified, and, therefore, the Court should deny Plaintiff's Motion for Attorney Fees.  Even if Plaintiff is entitled to attorneys' fees, Defendant contends Plaintiff's request for $10,428.24 is unreasonable.

    A.    **Substantial Justification**

Defendant contends its position with respect to Dr. Musselman's opinion was substantially justified because the ALJ relied on the opinions of other medical sources including examining medical sources Jane Starbird, Ph.D.; Suzanne Castro, Psy.D.; and Dorothy Anderson, Psy.D.  Defendant also contends its position was substantially justified because Dr. Musselman's opinion did not establish Plaintiff would be disabled for the requisite period.

Dr. Musselman, however, was Plaintiff's treating physician, and, therefore, "the Social Security Administration favors" Dr. Musselman's opinion "over non-treating physicians."  *Orn v.*

*Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). *See also Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Lester v, Chater*, 81 F.3d 821, 830 (9th Cir. 1995)("'As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant.'"). Accordingly, notwithstanding the presence of other opinions rendered by nontreating physicians in the record, the ALJ was required to provide "'specific and legitimate reasons that are supported by substantial evidence'" in order to reject Dr. Musselman's opinion. *See Garrison*, 759 F.3d at 1012 (quoting *Ryan v. Comm'r Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 2008)).

Here the ALJ failed to provide specific and legitimate reasons for discrediting Dr. Musselman's opinion in favor of the opinions of Drs. Starbird, Castro, and Anderson. Thus, Defendant's position that the ALJ did not err when he discredited Dr. Musselman's opinion was not substantially justified.

**B. Reasonableness of Plaintiff's Requested Attorneys' Fees**

Plaintiff's attorney represents she expended 68.0 hours on this case and contends she should be reimbursed at a rate of $191.70 per hour. In the exercise of "billing judgment," however, Plaintiff's counsel has voluntarily reduced the number of billed hours by 20 percent to 54.4 hours. Plaintiff,

7 - OPINION AND ORDER

therefore, seeks $10,428.48 in attorneys' fees.[2]

Notwithstanding Plaintiff's voluntary reduction in the amount of attorneys' fees sought, Defendant contends Plaintiff's attorney-fee request is unreasonable and should be further reduced. In particular, Defendant contends Plaintiff prevailed on only one of the eight issues that she raised in her memoranda and several of her arguments were unreasonable.

Although the Court agrees with Defendant that some of Plaintiff's arguments were without merit, any reduction on that basis is sufficiently covered by Plaintiff's 20-percent voluntary reduction. Although the 54.4 billed hours for which Plaintiff seeks compensation are somewhat greater than the ordinary number of hours spent on Social Security cases, that difference is reasonable in this case in light of the need for Plaintiff's counsel (who did not represent Plaintiff at the administrative level) to familiarize herself with the case and to review a 771-page administrative record that is somewhat larger than the average.

Accordingly, on this record the Court concludes the amount of attorneys' fees that Plaintiff requests is reasonable.

---

[2] As noted, Plaintiff also seeks a total of $19.00 in costs and expenses. Defendant does not object to that request.

## **CONCLUSION**

For these reasons, the Court **GRANTS** Plaintiff's Motion (#19) for Attorney Fees and **AWARDS** to Plaintiff attorneys' fees in the amount of $10,428.24 and costs and expenses in the amount of $19.00.

IT IS SO ORDERED.

DATED this 14th day of April, 2017.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge